UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 15-0042 |
| STEVEN GAETA | SECTION "F" |

ORDER AND REASONS

Before the Court is Steven Gaeta's *pro se* motion for compassionate release or home confinement based on concerns arising from the COVID-19 pandemic. For the reasons that follow, the motion is DENIED.

**Background**

Steven Gaeta is serving a 78-month term of imprisonment, imposed by Judge Engelhardt in November 2015 following Gaeta's plea of guilty to one charge of possessing child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). He is housed at FCI Oakdale I. On May 22, 2020, Gaeta lodged a request with the Bureau of Prisons, through Oakdale personnel, seeking home confinement based on concerns arising from the COVID-19 pandemic. That same day, BOP denied the request due to Gaeta's sex offender

1

status. Gaeta now seeks compassionate release, or to be placed on home confinement.

I.

Congress prescribes certain prerequisites to district court consideration of motions seeking sentence modifications, including motions seeking compassionate release. Title 18 U.S.C. § 3582(c)(1)(A) provides:

> (c) Modification of an imposed term of imprisonment.-- The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portions if the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided in section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Simply put, a defendant must exhaust his remedies with the BOP before a court may consider a motion for compassionate release. See, e.g., See, e.g., United States v. Raia, 954 F.3d 594, 596-97 (3d Cir. 2020)(holding that failure to comply with the § 3582(c)(1)(A) exhaustion requirement presents "a glaring roadblock foreclosing compassionate release"); United States v. Alam, 960 F.3d 831, 835-36 (6th Cir. 2020)(declining to carve out a futility exception to the § 3582(c)(1)(A) exhaustion requirement).  These prerequisites, the government submits, have not yet been met.  The Court agrees.

Gaeta has failed to exhaust his request for a sentence reduction or compassionate release.  There is nothing in the record to indicate that Gaeta has contacted the Warden requesting a compassionate release reduction-in-sentence.[1]  The Director of the

---

[1] Gaeta has directed to the Warden a request for home confinement; however, he did not request that the Warden recommend a sentence reduction as required by 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239.  The First Step Act of 2018 amended § 3582(c) to allow prisoners to move for compassionate release on their own behalf. Before the amendment, only the Director of the Bureau of Prisons could move for compassionate release.
   Gaeta's two requests (for compassionate release and for home confinement) are distinct in kind.  "[W]hile the CARES Act allows a defendant to request home confinement from the warden, it does not authorize compassionate release, as the compassionate release statute is separate from the CARES Act." See, e.g., United States v. Brown, No. 13-286, 2020 WL 3292874, at *2 (E.D. La. June 18,

Bureau of Prisons has not requested compassionate release on the defendant's behalf; nor has the defendant (a) "fully exhausted all administrative rights to appeal" the failure of the Bureau of Prisons to bring a motion on his behalf, or (b) presented his request for compassionate release to the Warden of Federal Correctional Institute Oakdale I.  See 18 U.S.C. § 3582(c)(1)(A). Whether the exhaustion requirement is jurisdictional or a mandatory claims-processing rule, it has not been met here.

Alternatively, the government submits that Gaeta is not eligible for compassionate release or a sentence reduction.  Given Gaeta's conviction for possession of child pornography, the government's submission appears persuasive; however, the Court does not reach the merits of Gaeta's claim because he failed to exhaust it.

II.

Gaeta also moves the Court to release him on home confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES

---

2020)(Vance, J.)(noting that the BOP exercises authority on home confinement requests pursuant to a different statute than the compassionate release provision of 18 U.S.C. § 3582(c) and "[c]ourts have therefore found that when a defendant requests only home confinement from the warden--and not release under the compassionate release provisions--he has failed to exhaust his administrative remedies").  Gaeta's separate request that this Court order him released on home confinement is taken up next.

Act), PUB. L. NO. 116-136, 134 STAT. 281.  The government argues that the Court lacks authority to do so.  The Court agrees.

The CARES Act provides that "the *Director of the Bureau [of Prisons]* may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code."  PUB. L. NO. 116-136, 134 STAT. 281, 516 (emphasis added).  The Director of the Bureau of Prisons "may" do so if "the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau[.]" CARES Act, § 12003(b)(2). The Attorney General has so found. See William P. Barr, Memorandum for Director of Bureau of Prisons (Apr. 3, 2020).[2]  The Court underscores that, by statute, this authority relative to home confinement is conferred solely on the Director of the Bureau of Prisons:  while the Director may "lengthen the maximum amount of time for which" Gaeta is placed on home confinement, CARES Act, § 12003(b)(2), this Court may not.  See 18 U.S.C. § 3621(b).[3] Gaeta's request that this Court release him on home confinement under the CARES Act therefore must be denied.  As it must, the Court defers

---

[2] Available at https://www.justice.gov/file/1266661/download.
[3] Placement of inmates is BOP's prerogative. The Court simply lacks the power to place Gaeta on home confinement.  See 18 U.S.C. § 3621(b)("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); see also § 3582(c)(limiting the Court's authority to modify or reduce a sentence).

5

to the BOP administrative process concerning requests for home confinement due to COVID-19 concerns.

***

Accordingly, IT IS ORDERED: that the defendant's motion seeking compassionate release is DENIED without prejudice for failure to exhaust administrative remedies within the Bureau of Prisons, and his request for home confinement is DENIED.

New Orleans, Louisiana, July 23, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE